UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:99-cr-79-DBH-01 |
| | ) | |
| AMADO LOPEZ, | ) | |
| DEFENDANT | ) | |

**ORDER ON DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL**

This defendant has filed a letter motion requesting appointment of a lawyer in connection with the new retroactive and more lenient crack cocaine Guidelines. Def. Letter (Docket Item 684). Because the new Guidelines do not benefit this defendant, the motion is **DENIED**.

At sentencing in 2001, Judge Carter found that the defendant was responsible for 1,055 grams of cocaine base and 1,132 grams of cocaine powder amounting to a marijuana equivalency of 21,326 kilograms. The resulting Base Offense Level was 36 (10,000 to 30,000 kilos of marijuana.) There was then a two-level increase for the possession of a dangerous weapon in connection with the offense and a three-level reduction based on his acceptance of responsibility, resulting in a Total Offense Level of 35. In combination with his Criminal History Category of V, the original guideline range was 262 to 327 months. However, following Apprendi v. New Jersey, 530 U.S. 466 (2000), Judge Carter concluded that any term of imprisonment was statutorily limited by 21 U.S.C. § 841(b)(1)(C) to a maximum of 240 months, because the government had failed to charge or

prove a drug quantity of 500 grams or more as an element of the offense. Accordingly, Judge Carter sentenced the defendant to the statutory maximum of 240 months. Judgment (Docket Item 382).

In conjunction with the 2008 crack amendment, the case was reassigned to me. The defendant's drug quantity remained the same (21,326 kilos of marijuana equivalent) which normally would have again resulted in a Base Offense Level of 36, but Guideline § 2D1.1 comment 10 then reduced that level by two because the case involved crack and at least one other type of drug. U.S. Sentencing Guideline Manual § 2D1.1 cmt. n.10(D) (2008). Accordingly, in 2008 the Base Offense Level became 34. Application of the two-level increase for the possession of a dangerous weapon and the three-level decrease for acceptance of responsibility resulted in a revised Total Offense Level of 33. Because the defendant's Criminal History Category was V, his revised guideline range in 2008 was 210 to 262 months. However, due to the Apprendi restriction, the range was modified to 210 to 240 months. I then imposed a sentence of 210 months. Order Regarding Mot. for Sentence Reduction (Docket Item 596).

Under the most recent crack amendment, the total drug quantity is revised to 3,993.4 kilos of marijuana equivalent marijuana equivalency (1,055 grams of crack x 3,571 grams of marijuana = 3,767 kilos of marijuana; 1,132 grams of cocaine x 200 grams of marijuana = 226.4 kilos of marijuana; 3,767 + 226.4 = 3993.4 kilos of marijuana). That drug quantity produces a Base Offense Level of 34 (3,000 to 10,000 kilos of marijuana). The two-level reduction from the comment to section 2D1.1, however, is no longer available, so the Base Offense Level remains 34. After application of the two-level increase for the possession of

a dangerous weapon and the three-level decrease for acceptance of responsibility, the revised Total Offense Level is again 33, as it was in 2008. Therefore, his revised guideline range remains 210 to 240 months, and he is not eligible for any further reduction in his sentence.

The defendant's motion is **DENIED**.

**SO ORDERED.**

**DATED THIS 6TH DAY OF DECEMBER, 2011**

/s/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**