UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>AMADO LOPEZ, )<br>)<br>**DEFENDANT** ) | No. 2:99-CR-79-DBH-01 |

## ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE

The defendant's Motion Pursuant to Title 18 U.S.C. § 3582(c)(2) Sentencing Guideline Amendment 706/713 Retroactivity is **DENIED**.

Judge Carter sentenced this defendant in 2001 to 240 months. Mem. of Sentencing J. 5, Feb. 1, 2001. I granted him a sentence reduction in 2008 due to the retroactive crack cocaine guidelines then being implemented. Order re Mot. for Sentence Reduction, July 14, 2008 (ECF No. 596). His new sentence was 210 months. Id.

I then denied him a sentence reduction in 2011 under the most recent crack cocaine adjustments because they did not affect his sentence in light of the drug quantity for which he was responsible. Order re Mot. for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), Dec. 6, 2011 (ECF No. 687); Order on Def.'s Mot. for Appointment of Counsel, Dec. 6, 2011 (ECF No. 686).

The defendant now challenges the amount of the sentence reduction on the basis that a zero drug quantity must be the starting point.[1]  Def.'s Mot. 10-11. He argues that no drug quantity was ever established at his original sentencing in 2001, and that <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), prevented Judge Carter in 2001 from using a drug quantity and calculating a guideline sentence accordingly.  <u>Id</u>.

The defendant is incorrect.  Judge Carter's 2001 Memorandum of Sentencing Judgment states:

> The Court FINDS, on the stipulation of the parties and the contents of the Presentence Report, that Defendant's criminal activity involved twenty-one thousand three hundred twenty-six (21,326) kilograms of marijuana equivalent (utilizing the drug equivalency table to convert the cocaine and cocaine base that Defendant was distributing).

Mem. of Sentencing J. 1-2.

Thus, the defendant stipulated the drug quantity for sentencing guideline calculation purposes.  The significance of <u>Apprendi</u> is that the government had not charged in the indictment that the drug quantity of crack cocaine was 500 grams or more, and had not proved 500 grams or more as an element of the offense at trial or by the defendant's admission at the guilty plea proceeding. That is distinct from a finding by the court (and in this case a stipulation by the parties including the defendant) that there was a drug quantity for guideline calculation purposes.  Because of <u>Apprendi</u>, the government and the court were

---

[1] He also asserts that he was never given a 3-level decrease for acceptance of responsibility, but Judge Carter's Memorandum of Sentencing Judgment establishes conclusively that he did receive such a reduction, Mem. of Sentencing J. 2, and my Order of December 6, 2011, also refers to it, Order re Mot. for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) 3 (ECF No. 686).

limited to the maximum sentence allowed by statute for a crime where a quantity of 500 grams or more had not been proven, here 240 months. Thus, the defendant's calculated Guideline range of 262 to 327 months was capped and reduced to 240 months. That is what Judge Carter ruled. Mem. of Sentencing J. 3.

As a result, the original sentence, the amount of the sentence reduction in 2008, and the denial of a further sentence reduction in 2011, are all correct. All of them fit within the Apprendi limit of 240 months.

The Motion is **DENIED**.

No certificate of appealability shall issue because there is no legitimate issue for appeal.

**SO ORDERED.**

**DATED THIS 10TH DAY OF OCTOBER, 2012**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

3